**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.**

ZHENGZHOU KANGNIDIS E-COMMERCE CO., LTD.,

Plaintiff,

v.

TOUCHLAND HOLDING CORP and TOUCHLAND LLC,

Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff Zhengzhou Kangnidis E-Commerce Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, brings this action for declaratory judgment against Touchland Holding Corp and Touchland LLC ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the Lanham Act, 15 U.S.C. § 1051 *et seq*.

2. Plaintiff seeks a declaratory judgment that its hand sanitizer spray (the "Non-Infringing Product") does not infringe Defendant Touchland Holding Corp's U.S. Trademark Reg. No. 8,279,218 (the "Touchland Trade Dress"), which covers the Touchland Trade Dress of a TOUCHLAND hand sanitizer mist bottle. A true and correct copy of United States Trademark Reg. No. 8,279,218 is attached hereto as Exhibit A.

3. Plaintiff further seeks a declaratory judgment that the Touchland Trade Dress is invalid and unenforceable because (a) the individual features claimed by the registration are each

functional, (b) the particular combination of those features is itself functional, and (c) Defendant Touchland Holding Corp obtained the registration only after amending the drawing to depict functional features in broken lines and claiming acquired distinctiveness under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), thereby conceding that the claimed configuration is not inherently distinctive.

4. Plaintiff brings this action in view of the actual controversy created by Defendants under the Touchland Trade Dress. Defendants asserted trademark infringement claims without a basis in law or fact against Plaintiff's Non-Infringing Product with Amazon, causing Amazon to remove Plaintiff's listing for the Non-Infringing Product on Amazon.com.

**THE PARTIES**

5. Plaintiff Zhengzhou Kangnidis E-Commerce Co., Ltd. is a private company organized and existing under the laws of the People's Republic of China, with its principal place of business at Room 1806, Unit 1, Building 5, Changjiang No. 1, Changjiang Road Street, Erqi District, Zhengzhou, Henan Province, China. Plaintiff is the owner and operator of the "ZELIN-US" storefront on Amazon.com, through which it sells products in the United States, including the Non-Infringing Product.

6. Upon information and belief, Defendant Touchland Holding Corp ("Touchland Holding"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 SE 2nd Street, Suite 2000, Miami, Florida 33131.

7. Upon information and belief, Defendant Touchland LLC ("Touchland"), is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 100 SE 2nd Street, Suite 2000, Miami, Florida 33131. Touchland is

the owner and operator of the “Touchland” storefront on Amazon.com, through which it sells products in the United States, including but not limited to its Hand Sanitizer Mist products.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court because this litigation arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a).

9. A case of actual controversy has arisen between the parties pursuant to 28 U.S.C. § 2201 regarding whether Plaintiff infringes the Touchland Trade Dress, as further set forth herein.

10. This Court has personal jurisdiction over Defendants because Defendants have their principal places of business in the State of Florida and within this District, regularly conduct business within this District, and advertises and sells their services through the Internet to Florida residents. In addition, the claims at issue arise out of or relate in substantial part to Defendants’ activities in this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### A. The Non-Infringing Products

12. Plaintiff conducts business through a storefront on Amazon.com under the name “ZELIN-US,” offering a variety of hand sanitizer sprays for sale, including the Non-Infringing Product. This product is identified by Amazon Standard Identification Number (“ASIN”), B0G2QY5WS2.

13. On or about July 18, 2025, Touchland submitted one or more trademark infringement complaints to Amazon, alleging that Plaintiff's Non-Infringing Product infringed upon the Touchland Trade Dress.

14. On or about July 18, 2026, Plaintiff received notifications from Amazon informing Plaintiff that Amazon removed its listing for the aforementioned ASIN, due to the alleged infringement of the Touchland Trade Dress. A true and correct copy of the July 18, 2026 Amazon infringement complaint notice is attached hereto as Exhibit B.

15. As of the date of filing of this Complaint, the ASIN identified above continues to be unavailable from Amazon's platform, shutting down Plaintiff's sales of these devices through Amazon.

16. Touchland competes with Plaintiff for the sale of hand sanitizer sprays on Amazon.

17. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for hand sanitizer sprays, Plaintiff needs the Non-Infringing Product listed in the Amazon marketplace. Amazon has removed the Non-Infringing Product from the marketplace, preventing Plaintiff from accessing its largest channel of trade because of Touchland's alleged infringement complaint to Amazon. Therefore, Touchland's submission of its Amazon infringement complaint has caused immediate, ongoing, and irreparable harm to Plaintiff.

**B. The Touchland Trade Dress**

18. The Touchland Trade Dress lists Touchland Holding as its owner. *See* Ex. A.

19. Upon information and belief, Touchland is an authorized licensee of the Touchland Trade Dress.

20. The Touchland Trade Dress consists of the overall look and feel resulting from the combination of the following individually and collectively functional features on a rectangular bottle: rounded corners, a spray nozzle, a circular distribution port, and transparent rectangular sections with rounded corners displayed on the front and back of the bottle. The Touchland Trade Dress is depicted below:



21. Plaintiff's Non-Infringing Product configuration does not infringe upon the Touchland Trade Dress because when the designs are viewed as a whole, Plaintiff's Non-Infringing Product configuration creates a materially different commercial impression from the Touchland Trade Dress:

a. Bottle Shape: The Touchland Trade Dress consists of a rectangular bottle with uniformly rounded corners. On the other hand, Plaintiff's Non-Infringing Product consists of a rounded-rectangle inner bottle wrapped in a silicone sleeve that adds two triangular "cat ear" tabs projecting above the top edge of the sleeve.

b. Transparent Rectangular Sections: The Touchland Trade Dress consists of transparent rectangular sections on the front and the back of the bottle with rounded corners dominating the lower two-thirds of the front and back, flush with the surrounding bottle surface. In Plaintiff's Non-Infringing Product, the transparent rectangular sections on the front and the back of the bottle are visible only through a cutout bordered by a solid teal silicone frame, interrupting the flush, single-surface look of Touchland's Trade Dress and adding a two-tone color layer absent from the same.

c. Overall gestalt: The Touchland Trade Dress is one continuous, unadorned and generic rectangular bottle where all claimed features sit on the same plain surface. On the other hand, Plaintiff's Non-Infringing Product is a composite object: an inner bottle plus an external, two-tone, character-shaped silicone accessory including a heart-shaped gold keychain clasp.

| **Touchland Trade Dress** | **Plaintiff's Non-Infringing Product** |
|---|---|
| <br> | <br> |







22. Plaintiff's Non-Infringing Product configuration does not infringe upon the Touchland Trade Dress because one or more common design elements are functional, including, but not limited to, a spray nozzle, a distribution port, transparent rectangular sections displayed on the front and back of the bottle, and rounded corners.

a. The spray nozzle operates to turn the sanitizer into a mist for dispensing.

b. The distribution port channels liquid from the inside the bottle up to the nozzle, and it has to be built and sealed a certain way so the liquid cannot leak out.

c. The transparent rectangular sections let users visually monitor the remaining liquid level without opening the bottle.

d. The rounded corners eliminate sharp edges that could otherwise poke, scratch, or dig into a user''s hand, pocket, or bag during everyday carrying, more comfortable to hold and store.

23. Plaintiff's Non-Infringing Product configuration does not infringe upon the Touchland Trade Dress because one or more common design elements (if any) are basic elements that appear on virtually every hand sanitizer mist bottle and are outside the scope of its Trade Dress registration, including, but not limited to, company name, scent, product description presentation, ingredients list, and color arrangement.

24. To this end, Plaintiff's Non-Infringing Product further distinguishes itself from any protectable portion of the Touchland Trade Dress by prominently displaying the source-identifying house mark "KING OF BIOTIN" on the front of the inner bottle.

25. In summary, Plaintiff's Non-Infringing Product takes a generic inner bottle and encases it in a structurally and visually separate silicone accessory that interrupts, reshapes, and recolors the very features Touchland's Trade Dress depends on. Where Touchland's look and feel derives from the seamless integration of its features into one clean hard-shell object, the Non-Infringing Product's look and feel derives from the layering of a soft, two-tone, cat ear-shaped case over an inner bottle — a fundamentally different construction.

**C. The Registered Touchland Trade Dress Is Functional and Invalid**

26. Under Section 2(e)(5) of the Lanham Act, 15 U.S.C. § 1052(e)(5), and under *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23 (2001), *Qualitex Co. v. Jacobson Products Co.*, 514 U.S. 159 (1995), and *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982), a product configuration is functional, and therefore unprotectable as trade dress, if it (i) is essential to the use or purpose of the article, (ii) affects the cost or quality of the article, or (iii) puts competitors at a significant non-reputation-related disadvantage.

27. The spray nozzle depicted in the Touchland Trade Dress is functional: it is the mechanical component that atomizes the liquid sanitizer into a fine mist so the product can be

applied to the user's hands. Touchland itself acknowledged this by depicting the nozzle in broken lines in the registration drawing and expressly disclaiming it as a feature of the mark.

28. The circular distribution port depicted in the Touchland Trade Dress is functional: it is the sealed channel through which the liquid sanitizer travels from the reservoir to the nozzle. Its size, shape, and placement are dictated by the need to transport a flammable, high-alcohol liquid to the nozzle without leakage. Touchland conceded this utilitarian purpose during prosecution when it argued that the packaging's manufacture requires "ultrasonic welding techniques, pressure chambers, precisely calibrated machine tolerances, and internal locking flaps to prevent leaks" — advantages that are safety-critical given the product's high alcohol content.

29. The transparent rectangular sections depicted on the front and back of the Touchland Trade Dress are functional: they permit the user to visually monitor the remaining fluid level, verify that the reservoir is not contaminated, and confirm that the nozzle assembly is properly primed. Transparent fill windows are a standard, utilitarian feature of countless liquid-dispensing containers.

30. The rounded corners depicted on the Touchland Trade Dress are functional: they eliminate sharp edges that would otherwise poke, scratch, or dig into a user's hand, pocket, or bag; they permit the container to be comfortably carried in a pocket, purse, or bag without snagging fabric; they reduce stress concentrations that could crack a rigid plastic container containing pressurized, flammable liquid; and they facilitate the injection-molding manufacturing process.

31. The overall rectangular, flat, slim bottle shape depicted in the Touchland Trade Dress is functional: it enables the product to fit flat inside a pocket, wallet, purse, or bag;

maximizes usable volume for a given cross-sectional footprint; provides stable, tip-resistant placement on flat surfaces; and lends itself to efficient mass-manufacture, shipping, and shelf-stocking. The USPTO examining attorney initially refused registration on the ground that the rounded rectangular bottle shape is a functional and "highly and widely used" product-configuration feature in the hand-sanitizer field, citing multiple third-party listings.

32. The particular combination of these features claimed by the Touchland Trade Dress is itself functional. Each feature — a slim rectangular reservoir, rounded corners, transparent fill windows, an integrated distribution port, and a top-mounted spray nozzle — is essential to the utilitarian purpose of a pocket-sized, leak-resistant, refill-visible, single-hand-operable atomizing sanitizer dispenser. The features do not merely coexist; they cooperate mechanically to achieve that utilitarian result, and the resulting configuration is the natural engineering outcome of designing such a product.

33. On information and belief, Defendants have promoted the utilitarian advantages of the claimed configuration — including its slim, pocket-friendly form factor, leak-resistant construction, one-handed mist dispensing, and transparent refill window — in their marketing, packaging, and social-media content. Such advertising is strong evidence of functionality under *In re Morton-Norwich Prods., Inc.*, 671 F.2d 1332, 1341 (C.C.P.A. 1982).

34. For example, the "Who We Are" page on Touchland Holding's website touts the how its products are designed to be compact and "made for life on-the-go":




35. Likewise, various news outlets have acknowledged the utility of Touchland's Trade Dress. For example, a Forbes article characterizes Touchland's Trade Dress "disrupted and reinvented" the hand sanitizer industry "with its unique format: a sleek, thin, square bottle that contrasted heavily with the hand sanitizers consumers are used to. The product uses smart technology and a design that lets consumers know easily when it's time for a refill or a change of batteries." Clara Ludmir, *How Touchland Turned Into An $880 Million Hand Sanitizer Brand*, Forbes (May 19, 2025), https://www.forbes.com/sites/claraludmir/2025/05/19/how-touchland-turned-into-an-880-million-hand-sanitizer-brand/. Another reporter highlights the benefits of Toucland's Trade Dress:

> What stands out to me about these hand sanitizers is that they don't have a cap (which, in my experience with traditional hand sanitizers, create a liquid mess). Instead, it comes in a small spray bottle, so a gentle mist activates at the press of a button. This packaging makes it easy to spray and disinfect with just one hand. It was also easier for my siblings to use when they were younger, and it's still a more convenient option for my grandparents and anyone with dexterity issues.
>
> Unlike other hand sanitizers, which traditionally have a cylinder shape, these are flat, slim and compact. Their size is comparable to that of a cardholder, and the width is similar to an iPhone. This makes them perfect for slipping into my

> pockets and my purse. I can toss them into my luggage without taking up much room (plus, they're under three ounces, so they meet TSA standards).
>
> You can also secure the sanitizer using the Hand Mist Case or its pouch, The Touchette. At school pick-up, I notice my siblings and their friends have one attached to each of their backpacks, and my aunts and uncles have it on their diaper bags at family functions.

Bianca Alvarez, *Best Sanitizer Ever? Why Touchland Is the Only Hand Sanitizer Worth Using*, NBC Selected (March 21, 2025), https://www.nbcnews.com/select/shopping/touchland-hand-sanitizer-rcna197416.

36. The Touchland Trade Dress was registered only under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f). Touchland thereby conceded that the claimed configuration is not inherently distinctive. Registration under Section 2(f) does not cure functionality: a functional configuration cannot acquire trademark protection no matter how much sales, advertising, or media exposure the applicant demonstrates.

37. The Touchland Trade Dress, if enforced as Defendants purport to enforce it against Plaintiff, would give Defendants a perpetual monopoly over an entire class of utilitarian, pocket-sized atomizing sanitizer dispensers and would place Plaintiff and other competitors at a significant non-reputation-related disadvantage, in violation of the functionality doctrine.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. TRADEMARK REG. NO. 8,279,218**

38. Plaintiff repeats and realleges by reference paragraphs 1 through 37 as if fully set forth herein.

39. An actual controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. § 2201 regarding whether Plaintiff's Non-Infringing Product configuration infringes U.S. Trademark Reg. No. 8,279,218.

40. Defendants have asserted, *inter alia*, that Plaintiff's Non-Infringing Product configuration constitutes trademark/trade dress infringement, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

41. Plaintiff's Non-Infringing Product configuration does not infringe Defendants' rights in the Touchland Trade Dress because:

a. The design elements in Plaintiff's Non-Infringing Product configuration are common to the industry and appear on numerous other hand sanitizer spray products in the marketplace;

b. Plaintiff's Non-Infringing Product configuration creates a materially different overall commercial impression than Defendants' packaging when viewed as a whole;

c. The specific shape, arrangement, and visual presentation of Plaintiff's Non-Infringing Product configuration differs substantially from the Touchland Trade Dress;

d. Defendants' claimed elements are not distinctive or protectable;

e. Defendants' claimed elements are functional and not protectable;

f. Consumers are not likely to be confused as to the source, sponsorship, or affiliation of Plaintiff's Non-Infringing Product;

g. Plaintiff has not copied any protectable elements from Defendants.

42. Plaintiff is entitled to a declaration that its Non-Infringing Product configuration does not infringe U.S. Trademark Reg. No. 8,279,218.

43. A judicial declaration is necessary and appropriate to resolve the actual controversy between the parties and to provide Plaintiff with certainty regarding its rights to use its Non-Infringing Product configuration in commerce.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. TRADEMARK REG. NO. 8,279,218 — FUNCTIONALITY (15 U.S.C. § 1052(e)(5))**

44. Plaintiff repeats and realleges by reference paragraphs 1 through 37 as if fully set forth herein.

45. An actual controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. § 2201 regarding whether U.S. Trademark Registration No. 8,279,218 is invalid and unenforceable on the ground that the registered configuration is functional.

46. The individual features claimed by U.S. Trademark Reg. No. 8,279,218 — the rectangular bottle with rounded corners, the spray nozzle, the circular distribution port, and the transparent rectangular sections with rounded corners on the front and back — are each functional within the meaning of Section 2(e)(5) of the Lanham Act, 15 U.S.C. § 1052(e)(5), and *TrafFix*, *Qualitex*, and *Inwood*.

47. The particular combination of features claimed by U.S. Trademark Reg. No. 8,279,218 is itself functional because each feature is essential to the use or purpose of a pocket-sized, leak-resistant, refill-visible, one-handed atomizing hand-sanitizer dispenser, affects the cost or quality of such a dispenser, and, if reserved to Defendants, would put Plaintiff and other competitors at a significant non-reputation-related disadvantage.

48. Plaintiff is entitled to a declaration that U.S. Trademark Reg. No. 8,279,218 is invalid and unenforceable in whole for functionality, or, in the alternative, that each of the individual functional features is unprotectable.

**COUNT III**
**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. TRADEMARK REG. NO. 8,279,218 — LACK OF ACQUIRED DISTINCTIVENESS AND GENERIC/UBIQUITOUS PACKAGING**

49. Plaintiff repeats and realleges by reference paragraphs 1 through 37 as if fully set forth herein.

50. U.S. Trademark Reg. No. 8,279,218 was registered only under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), on the basis of Touchland's assertion of acquired distinctiveness. Touchland thereby conceded that the claimed configuration is not inherently distinctive.

51. The features claimed by U.S. Trademark Reg. No. 8,279,218 — individually and in combination — appear on numerous third-party pocket-atomizer hand-sanitizer and personal-care products predating and contemporaneous with Touchland's claimed first use, including but not limited to products marketed by or through AliExpress, Amazon, Shein, Made-in-China, and Walmart, as identified in the prosecution record of the registration.

52. The claimed configuration is a common, ubiquitous, or de facto standard shape for pocket-sized atomizing sanitizer dispensers and has not acquired distinctiveness sufficient to overcome its functional and non-distinctive nature.

53. In the alternative, to the extent any portion of the Touchland Trade Dress is aesthetic rather than utilitarian, such portion is aesthetically functional within the meaning of *TrafFix*, because the appearance is dictated by consumer demand for small, discreet, giftable pocket sanitizers rather than by any source-identifying capacity.

54. Plaintiff is entitled to a declaration that U.S. Trademark Reg. No. 8,279,218 is invalid and unenforceable for lack of acquired distinctiveness and because the claimed configuration is generic, common, or aesthetically functional.

**COUNT IV**
**CANCELLATION OF U.S. TRADEMARK REG. NO. 8,279,218 (15 U.S.C. § 1119)**

55. Plaintiff repeats and realleges by reference the paragraphs 1 through 37 as if fully set forth herein.

56. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has authority to order cancellation of any registration on the Principal Register in an action involving a registered mark. U.S. Trademark Reg. No. 8,279,218 is registered on the Principal Register and is directly at issue in this action because Defendants have asserted it against Plaintiff to cause the removal of Plaintiff's Non-Infringing Product from Amazon.com.

57. For the reasons alleged in Counts II and III, U.S. Trademark Reg. No. 8,279,218 is invalid and should be cancelled because (a) the claimed configuration, in its individual features and as a combination, is functional under 15 U.S.C. § 1052(e)(5); and (b) the claimed configuration has not acquired distinctiveness and is otherwise non-distinctive, common, or aesthetically functional.

58. Plaintiff is entitled to an order directing the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Reg. No. 8,279,218 in whole, or in the alternative to require Defendants to disclaim each functional element of the registration.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. A judgment declaring that Plaintiff's Non-Infringing Product configuration does not infringe U.S. Trademark Reg. No. 8,279,218 pursuant to the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), or under any state law;

2. A judgment declaring that U.S. Trademark Registration No. 8,279,218 is invalid and unenforceable, in whole or in part, on the ground that the claimed configuration and its

individual features are functional under 15 U.S.C. § 1052(e)(5) and *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23 (2001);

3. A judgment declaring that U.S. Trademark Registration No. 8,279,218 is invalid and unenforceable on the additional ground that the claimed configuration has not acquired distinctiveness and is generic, common, or aesthetically functional;

4. An order pursuant to 15 U.S.C. § 1119 directing the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 8,279,218 in whole, or in the alternative to enter a disclaimer of each functional element depicted therein;

5. Order prohibiting Defendants from asserting infringement allegations for Amazon Standard Identification Numbers ("ASIN") B0G2QY5WS2, and to take all actions necessary to withdraw such infringement contentions;

6. An award of reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 and to the extent authorized by law;

7. An award of Plaintiff's costs in this action;

8. All such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 7, 2026

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, Florida 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789

By: */s/ Marcelo Diaz-Cortes*
Marcelo Diaz-Cortes
Primary: md@lklsg.com
Secondary: tms@lklsg.com
Florida Bar No.: 118166

**ENVISAGE LAW**
Anthony J. Biller*
NC State Bar No. 24,117
Sophia M. Vouvalis*
NC State Bar No. 62,730
P.O. Box 30099
Raleigh, NC 27622
Phone: (919) 268-8998
Facsimile: (984) 212-5164
Email: ajbiller@envisage.law
Email: svouvalis@envisage.law
**Pro hac vice* applications forthcoming

*Counsel for Plaintiff*